JAMES W. PITTINGER and FREDERICK H. KILPATRICK, complainants-respondents,

*v.*

FRANKLIN F. MAYO, defendant-appellant.

[Decided January 19th, 1925.]

Where lands were conveyed by a deed absolute on its face (but construed to be a mortgage), and foreclosure thereof was resisted on the ground that the deed was controlled by a certain collateral agreement, which, it was claimed, constituted the whole transaction a trust with active duties, which could not be disregarded, and the deed, for that reason, could not be considered a mortgage, *held*, that as the owner of the property was in financial plight with it, and could not keep down the interest, taxes, &c., and the banks, for whose benefit the agreement was made, were already his creditors in large amounts, and the object of the conveyance was to save the owner through his banks, who agreed to advance certain moneys to carry the property for a year, after the expiration of the year no further duty devolved upon the trustee than to hold the property for the benefit of the banks and for the better securing of the notes held by them, and, after that time, the trustee could foreclose the equity of redemption, to avail himself of his security.

---

On appeal from the court of chancery.

*Messrs. Heine, Bradner & Laird (Mr. Palmer Bradner, of counsel.)*

*Messrs Riker & Riker (Mr. Theodore McC. Marsh, of counsel.)*

The opinion of the court was delivered by

LLOYD, J.

The complainants below filed their bill in chancery to foreclose the defendant's right of redemption under a deed (construed to be a mortgage) to certain real property in the town of Bloomfield, Essex county. The deed was from Alice M. Woodruff to complainants, and bore date June 26th, 1917. The foreclosure was resisted on the ground that the deed was controlled by a certain collateral agreement bearing date July 5th, 1917, between the complainants as parties of the first part, the Newark Trust Company, the National Newark Banking Company and the Essex County Bank, parties of the second part, and the defendant, Mayo, as party of the third part, imposing certain duties and obligations which it was claimed constituted the whole transaction a trust with active duties that could not be disregarded, and that the deed, for that reason, could not be decreed to be a mortgage.

The essential facts of the case are that Mayo, the appellant, was indebted to a number of Newark banks, and was at the same time the owner, either in his own name or in the names of other persons, of several parcels of real property located in Essex county, among them the one involved in this suit. These properties were all encumbered by mortgages, overdue interest, taxes and assessments. Both Mayo and the banks seem to have believed there was value in the property over and above these encumbrances, and in this belief the various conveyances were made to the complainants, Pittinger and Kilpatrick, and the agreement entered into. In the agreement it is recited that the conveyances were made to the parties of the first part, complainants below, for the use and

benefit of the banks. The agreement further provided for the payment by the banks of interest, taxes and assessments on the properties (the carrying charges) for one year, the payment to Mayo of a bulk sum of $1,450, and $50 per month for a period of six months. The agreement also provided that the complainants would not sell the properties without the consent of the banks, and that they would not sell the properties for less than certain sums named for one year without the consent of the defendant, Mayo. Then follow provisions for the disposition of the proceeds of sales that might be made to the payment of counsel fees, to the banks for current charges, moneys advanced to Mayo, moneys advanced for back interest, unpaid taxes or assessments, moneys due the banks on the Mayo notes, and, finally, to pay the surplus, if any, to Mayo. The notes held by the banks, and which the deed was given to secure, were all dated before the making of the agreement, payable on demand or short notice, and were due and unpaid long before the bringing of the present suit.

The appellant's brief aptly states the question to be whether the deed of Alice M. Woodruff to complainants, together with the agreement of July 5th, 1917, constitute a mortgage or an express trust. The vice-chancellor held the transaction to constitute a mortgage, and advised a decree of foreclosure. This we think the proper construction. Mayo was in financial plight with his real property; he could not keep down the accumulating charges for interest, taxes and assessments; the banks were already his creditors to large amounts, and the uppermost thought in his mind, obviously, was to save himself through the banks coming to his rescue. The banks were likewise actuated by motives of self-interest to protect that which they already held against Mayo. In this situation Mayo caused the property to be conveyed to the nominees of the bank in order that the indebtedness, together with that which was to be created under the agreement, might be secured. In return, the banks agreed to advance certain moneys and, in a general way, to carry the property for a year. The obligation of the banks, however, was to continue

but for the year. If the properties were sold within that period, or within any other time thereafter, under the terms of the agreement, distribution would follow in the order indicated by that paper. But they were not thus sold. Nearly all of them appear to have been foreclosed after the expiration of the year under encumbrances anterior to the deeds and the agreement. For this the complainants were not responsible, and under no obligation to provide against. When the year expired no further duty devolved on the trustees than to hold the property, in the language of the agreement itself, "for the benefit of the banks, and for the better securing of the payment of the notes" held by them. There was at the expiration of the year no limitation on the absolute character of the deed except that which flowed from the fundamental fact that the conveyance was to secure the indebtedness. That the creditor assumed for a year the obligation to pay the taxes and assessments on the property, and the interest on the underlying mortgages—a burden which usually falls on the mortgagor—imposed no duty beyond that period, and cannot be pleaded by the defendant in extenuation of his subsequent default in meeting the notes which the deed was given to secure. The parties were left in a legal sense at arm's length in the relation of debtor and creditor, with the creditor holding the security of its deed (mortgage). It was the right of the complainants, the trustees for the creditors, to avail themselves of the security, and this they could only do by foreclosing the defendant's right of redemption.

We, therefore, reach the conclusion that the deed, as qualified by the agreement, constituted a mortgage, and was subject to foreclosure as such. This result having been reached in the trial court, the decree will be affirmed.

*For affirmance* — THE CHIEF - JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 13.

*For reversal*—None.